# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **Officer Randall Lyons** | : | |
| **Columbus Division of Police** | : | |
| **120 Marconi Blvd.** | : | |
| **Columbus, Ohio 43215** | : | |
| | : | |
| and | : | |
| | : | **This is a Refiled Case** |
| **Officer Anthony Johnson** | : | **The prior Case was Designated** |
| **Columbus Division of Police** | : | **Case No. 2:16-cv-813** |
| **120 Marconi Blvd.** | : | **And Assigned to** |
| **Columbus, Ohio 43215** | : | **Judge Marbley** |
| | : | |
| and | : | |
| | : | |
| **Sergeant Douglas Jones** | : | |
| **Columbus Division of Police** | : | |
| **120 Marconi Blvd.** | : | |
| **Columbus, Ohio 43215** | : | **JURY DEMAND** |
| | : | **ENDORSED HEREON** |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| **Chief Kimberley Jacobs** | : | |
| **Columbus Division of Police** | : | |
| **120 Marconi Blvd.** | : | |
| **Columbus, Ohio 43215** | : | |
| | : | |
| and | : | |
| | : | |
| **Deputy Chief Ron Gray** | : | |
| **Columbus Division of Police** | : | |
| **120 Marconi Blvd.** | : | |
| **Columbus, Ohio 43215** | : | |
| | : | |
| and | : | |
| | : | |
| **Deputy Chief Ken Kuebler** | : | |
| **Columbus Division of Police** | : | |
| **120 Marconi Blvd.** | : | |
| **Columbus, Ohio 43215** | : | |
| | : | |
| and | : | |

| | |
|---|---|
| **Deputy Chief Michael Woods** | : |
| **Columbus Division of Police** | : |
| **120 Marconi Blvd.** | : |
| **Columbus, Ohio 43215** | : |
| | : |
| **and** | : |
| | : |
| **Commander Mark Lang** | : |
| **Columbus Division of Police** | : |
| **120 Marconi Blvd.** | : |
| **Columbus, Ohio 43215** | : |
| | : |
| **and** | : |
| | : |
| **Commander Gary Cameron** | : |
| **Columbus Division of Police** | : |
| **120 Marconi Blvd.** | : |
| **Columbus, Ohio 43215** | : |
| | : |
| **and** | : |
| | : |
| **Commander Jennifer Knight** | : |
| **Columbus Division of Police** | : |
| **120 Marconi Blvd.** | : |
| **Columbus, Ohio 43215** | : |
| | : |
| **and** | : |
| | : |
| **Commander Robert Meader** | : |
| **Columbus Division of Police** | : |
| **120 Marconi Blvd.** | : |
| **Columbus, Ohio 43215** | : |
| | : |
| **and** | : |
| | : |
| **Commander Michael Springer** | : |
| **Columbus Division of Police** | : |
| **120 Marconi Blvd.** | : |
| **Columbus, Ohio 43215** | : |
| | : |
| **and** | : |
| | : |
| **Commander Mark Gardner** | : |
| **Columbus Division of Police** | : |
| **120 Marconi Blvd.** | : |
| **Columbus, Ohio 43215** | : |
| | : |
| **and** | : |

**Lieutenant Wade Spears**            :
**Columbus Division of Police**       :
**120 Marconi Blvd.**                 :
**Columbus, Ohio 43215**              :
                                      :
    **and**       :
                                      :
**Lieutenant Joseph Echenrode**       :
**Columbus Division of Police**       :
**120 Marconi Blvd.**                 :
**Columbus, Ohio 43215**              :
                                      :
    **and**       :
                                      :
**Sergeant Erik Babcock**             :
**Columbus Division of Police**       :
**120 Marconi Blvd.**                 :
**Columbus, Ohio 43215**              :
                                      :
    **and**       :
                                      :
**Sergeant Dan Weaver**               :
**Columbus Division of Police**       :
**120 Marconi Blvd.**                 :
**Columbus, Ohio 43215**              :
                                      :
    **and**       :
                                      :
**Sergeant Richard Brooks**           :
**Columbus Division of Police**       :
**120 Marconi Blvd.**                 :
**Columbus, Ohio 43215**              :
                                      :
    **and**       :
                                      :
**Sergeant Jeff Knight**              :
**Columbus Division of Police**       :
**120 Marconi Blvd.**                 :
**Columbus, Ohio 43215**              :
                                      :
    **and**       :
                                      :
**Sergeant Ken Decker**               :
**Columbus Division of Police**       :
**120 Marconi Blvd.**                 :
**Columbus, Ohio 43215**              :

|  |  |
|---|---|
| and | : |
|  | : |
| **Officer(s) John Doe** | : |
| **Columbus Division of Police** | : |
| **120 Marconi Blvd.** | : |
| **Columbus, Ohio 43215** | : |
|  | : |
| and | : |
|  | : |
| **Officer(s) Jane Doe** | : |
| **Columbus Division of Police** | : |
| **120 Marconi Blvd.** | : |
| **Columbus, Ohio 43215** | : |
|  | : |
| and | : |
|  | : |
| **The Columbus Division of Police** | : |
| **Columbus Division of Police** | : |
| **120 Marconi Blvd.** | : |
| **Columbus, Ohio 43215** | : |
|  | : |
| and | : |
|  | : |
| **The City of Columbus** | : |
| **c/o Columbus City Attorney** | : |
| **77 North Front St.** | : |
| **Columbus, Ohio 43215** | : |
|  | : |
| **Defendants.** | : |

# FIRST AMENDED COMPLAINT

## THE PARTIES

1. Plaintiff, Randall Lyons, is a citizen and resident of the State of Ohio.

2. Plaintiff, Anthony Johnson, is a citizen and resident of the State of Ohio.

3. Plaintiff Douglas Jones is a citizen of the State of Ohio.

4. Defendants Jacobs, Gray, Kuebler, Woods, Lang, Cameron, Knight, Knight, Meader, Springer, Garner, Spears, Echenrode, Babcock, Weaver, Brooks, and Decker are individuals who are, and at all times relevant hereto have been, employed by the City of Columbus, Division of Police.

5.      Defendant, the City of Columbus ("the City") is a political subdivision organized and existing under Ohio law. At all times relevant hereto, the City employed the individual defendants.

## JURISDICTION AND VENUE

6.      This Court has original jurisdiction in this matter pursuant to 28 U.S.C. §1331 (federal question jurisdiction). Plaintiffs' Complaint alleges violations of their federal civil rights by the defendants acting under color of state law, in violation of 42 U.S.C. §1983.

7.      Venue is proper in the Southern District of Ohio, Eastern Division, because Plaintiffs reside in this Judicial District and the claims alleged herein arose within this Judicial District.

## BACKGROUND INFORMATION AND FACTS

8.      Plaintiffs, Randall Lyons, Anthony Johnson, and Doug Jones are all currently employed as officers with the Columbus Division of Police.

9.      The Columbus Division of Police has adopted an unconstitutional policy of punishing police officers, including Plaintiffs in this case, by assigning them to "restricted duty," and requiring them to report to "580" (the site at police headquarters where officers under internal investigation are often assigned) during the pendency of internal investigations.

10.     There is nothing unconstitutional in and of itself about temporarily assigning officers to restricted duty during the course of an internal investigation related to the officers.

11.     The City of Columbus Division of Police, however, has begun using assignment to 580 not as a reasonable, short-term assignment while the Division undertakes an internal investigation. Rather, the Division of Police uses assignment to 580, as to certain officers (including Plaintiffs) as a punishment in and of itself.

12. When assigned to restricted duty, Plaintiffs, and others, report(ed) to a large room surrounded by glass walls and hallways subject to heavy foot traffic. This was by design, so that officers assigned to 580 would feel, and be, humiliated by the experience.

13. No reasonable officer would want to be assigned to 580. In addition to the public humiliation, an officer assigned to restricted duty would be functionally demoted – they are prevented from doing their normal jobs, deprived of their badges and guns, and denied significant opportunities for overtime and special duty pay, as described below, on which they rely, and which Division of Police policy permits them but for their assignment to 580.

14. The City of Columbus knows that, before inflicting any punishment beyond the de minimis on its officers, it must provide them with due process. But the City often uses assignment to 580 as an end-around the due process rights of its police officers. The City assigns certain officers, including Plaintiffs, to 580 as punishment, subjecting such officers to restricted duty for needless and unjustifiable durations, but denies those officers any due process prior to imposing such punishment.

15. Columbus police officers generally, and Plaintiffs specifically, are and were not given sufficient explanation of the charges against them, the evidence in support, or an opportunity to be heard prior to assignment to 580.

16. Plaintiffs have each been subject to administrative investigations.

17. Plaintiff Lyons has been investigated related to allegations of using a personal vehicle to effect a traffic stop when his personal vehicle was struck by another motorist who was attempting to leave the scene of the accident.

18. Plaintiff Lyons was also investigated related to allegations of failing to report to "580" (the site at police headquarters where officers under internal investigation are often assigned) when he informed the Defendants that being placed in seclusion in 580 was

exacerbating his Post Traumatic Stress Disorder, for which he was diagnosed both by the United States Military and the Columbus Division of Police.

19. Plaintiff Johnson has been investigated related to allegations of returning property to an informant and not disclosing information about an informant to a prosecutor.

20. Plaintiff Jones has been investigated related to allegations of failing to turn in the necessary leave use forms for taking time off.

21. Plaintiffs were all at one time during the course of the administrative investigation assigned to 580.

22. As explained below, there is reason to believe that at least some of these administrative investigations have been initiated and/or prolonged for unlawful purposes.

23. Regardless, however, of the purposes for which these administrative investigations have been initiated and/or prolonged, the penalties imposed upon Plaintiffs during the pendency of their administrative investigations have violated the Plaintiffs' federal constitutional rights to due process.

24. The administrative investigations into the conduct of Plaintiffs have been shockingly and inexplicably lengthy.

    a. The administrative investigation of Plaintiff Lyons began on September 3, 2013 and he was placed in isolation for ten months. Plaintiff Lyons's investigation lasted until he was given a formal decision of discipline on October 3, 2015. In total the investigation and administrative leave lasted for over two years and ultimately he was given a 160 hour suspension.

    b. The administrative investigation of Plaintiff Johnson began on February 14, 2013 and ended in October of 2015. In total Plaintiff Johnson spent over two and half years in 580 and ultimately received a 176 hour suspension.

c. The administrative investigation of Plaintiff Jones began on December 2013 and ended on October 12, 2015. In total Plaintiff Jones spent almost two years in 580 and received a 240 hour suspension.

25. During their administrative investigations, Plaintiffs were placed on restricted duty.

26. At the time that they were placed on restricted duty and assigned to 580, Plaintiffs did not know, have reason to know, or believe that the assignment was unconstitutional, that it was designed to be punishment, or that it would last for as long as it lasted.

27. On restricted duty, Plaintiffs worked desk jobs. They were not permitted to be on patrol or performing any of their standard job duties – investigating crimes, arresting suspects, aiding members of the public in need of assistance, or generally securing the public welfare.

28. The City rarely had sufficient meaningful desk work for Plaintiffs to do. Indeed, often, the City had little to no meaningful desk work for Plaintiffs to do. As a result, much of their time spent on restricted duty amounted to little more than twiddling their thumbs and being subjected to a "fishbowl" like existence on display for other officers to view.

29. Being assigned to restricted duty has cost each of the Plaintiffs substantial monetary compensation.

30. On restricted duty, Plaintiffs are only able to work forty hours per week.

31. Being on restricted duty prevents Plaintiffs from (1) working overtime, and (2) working special duty.

32. Generally, overtime duty involves Plaintiffs performing their normal job duties as police officers for anything over forty hours per week.

33. In addition, Columbus police officers generally, and Plaintiffs specifically, are usually able to earn extra money by working "special duty" assignments. Such assignments are

outside the work normally performed by police officers, and are assigned when a particular need in the community arises. For instance, if the City needs to assign officers to a parade, or a concert, such assignments would be considered "special duty."

34. Prior to being place on restricted duty, each of the Plaintiffs earned a substantial percentage of their annual income doing overtime and special duty work.

35. The custom and practice of the City of Columbus Division of Police is to permit officers to work significant overtime hours and special duty hours. This is the common practice within the Division and the understanding of officers within the Division. Officers rely on that overtime and special duty pay for their livelihood and to support their families.

36. The City does not deny officers the general ability to perform overtime work or special duty work except where the officer is formally punished **or** where the officer is placed on restricted duty during an internal administrative investigation.

37. As members of the classified civil service, and as members of the union that has entered into a collective bargaining agreement with the City which requires good cause prior to punishment, Plaintiffs have a constitutionally protected property interest in their continued employment, compensation, and job benefits. Because an assignment to 580, however, is not considered punishment under the agreement, it cannot be grieved through the collective bargaining agreement grievance process.

38. Plaintiffs have lost money earned from overtime work and special duty work that otherwise complements their base salary.

39. Plaintiffs have essentially been transferred to desk jobs that constitute significant demotions to positions outside their chosen lines of work.

40. The assignment to 580 has therefore deprived Plaintiffs of pay, benefits, status, and experience, substantially damaging their property interests in their positions.

41. The City of Columbus and the Police Department, and the supervising officers, including Defendants, who have imposed this restricted duty requirement on Plaintiffs, have not actually intended the restricted duty to serve as any sort of paid suspension or administrative leave while the allegations against Plaintiffs are investigated. Rather, the restricted duty assignment is intended to itself serve as a disciplinary measure, even before any allegations against the Plaintiffs have been substantiated. In fact, Defendants have admitted that being placed on the type of restricted duty, as Plaintiffs were, does in fact constitute punishment.

### COUNT ONE: PROCEDURAL DUE PROCESS VIOLATIONS

42. Plaintiffs repeat and reallege the allegations set forth in the foregoing paragraphs as if fully restated herein.

43. The defendants responsible for violating the due process rights of Plaintiff Lyons are: Defendants Jacobs, Gray, Lang, Cameron, Knight (Jennifer) and Decker. Each of these Defendants held a supervisory position above Plaintiff Lyons and each was responsible for his assignment to 580 and the use of that assignment as a disciplinary punishment, rather than as a legitimate temporary assignment associated with a legitimate investigation into a complaint against Lyons.

44. The defendants responsible for violating the due process rights of Plaintiff Jones are: Defendants Jacobs, Kuebler, Meader, Springer, Garner, Spears, Babcock, Weaver, Brooks, Knight (Jennifer) and Knight (Jeff). Each of these Defendants held a supervisory position above Plaintiff Jones and each was responsible for his assignment to 580 and the use of that assignment as a disciplinary punishment, rather than as a legitimate temporary assignment associated with a legitimate investigation into a complaint against Jones.

45. The defendants responsible for violating the due process rights of Plaintiff Johnson are: Defendants Jacobs, Woods and Echenrode. Each of these Defendants held a

supervisory position above Plaintiff Johnson and each was responsible for his assignment to 580 and the use of that assignment as a disciplinary punishment, rather than as a legitimate temporary assignment associated with a legitimate investigation into a complaint against Johnson.

46. The conduct of Defendants Jacobs, Gray, Kuebler, Woods, Lang, Cameron, Knight, Knight, Meader, Springer, Garner, Spears, Echenrode, Babcock, Weaver, Brooks, and Decker, has violated Plaintiff's due process rights in various ways, including, but not limited to:

    a. Imposing serious discipline that functions as a deprivation of Plaintiffs' constitutionally protected property rights without providing Plaintiff with pre-deprivation due process, including notice, an explanation of the evidence against Plaintiffs, and a meaningful opportunity to be heard.

    b. Imposing serious discipline that functions as a deprivation of Plaintiffs' constitutionally protected property rights without providing Plaintiff with pre-deprivation due process, by virtue of imposing discipline for concocted reasons rather than the actual motivation for the discipline, which has the effect of denying Plaintiffs of their right to notice, an explanation of the evidence, and an opportunity to be heard.

    c. Imposing serious discipline that functions as a deprivation of Plaintiffs' constitutionally protected property rights without providing Plaintiffs with the required post-deprivation due process rights, including a right to an appeal of the disciplinary decision.

47. The deprivation of Plaintiffs' property rights without due process deprived them of rights secured by the Constitution and laws of the United States.

48. Defendants deprived Plaintiffs of these rights while acting under color of law.

49. The deprivations of Plaintiffs' due process rights violate 42 U.S.C. § 1983.

50. The actions of Defendants were malicious, willful, and wanton, were motivated by evil motive and intent, and involved reckless and callous indifference to Plaintiffs' federally protected rights.

51. As a direct and proximate result of these unlawful actions, Plaintiffs have suffered emotional, reputational, and economic harm.

52. The violations of Plaintiffs' constitutional and civil rights as described herein was the direct result of the City of Columbus custom, practice and/or policy in that Columbus Division of Police supervisors and administrators were aware of, and indeed involved in, the implementation of the unconstitutional customs, policies, and practices.

53. In addition, the City of Columbus is liable for the actions of the individual defendants that have deprived Plaintiffs of their constitutional rights because the officers that have imposed the unconstitutional discipline on Plaintiffs have been led by the City to believe they can, with impunity, subject individual officers to such discipline without the due process required by the constitution.

## COUNT TWO: FIRST AMENDMENT RETALIATION UNDER § 1983

54. Plaintiffs repeat and reallege the allegations set forth in the foregoing paragraphs as if fully restated herein.

55. During their employment with the City of Columbus, Plaintiffs Jones and Lyons both spoke out on matters of public concern.

56. Plaintiff Jones spoke out about the treatment of a fellow officer, who was accused of, but ultimately cleared of, misconduct. The Division of Police sought to terminate the officer anyway, and Plaintiff Jones spoke out against that mistreatment, including several heated exchanges with Defendant Jacobs.

57. Plaintiff Jones was also critical of certain training and operational issues that the Division of Police was implementing.

58. Plaintiff Lyons spoke out against race discrimination, including specifically race discrimination by Sergeant David Howson. Plaintiff Lyons raised these issues with his chain of command. He also filed a formal EEO complaint. At that time, Defendant Gray was Plaintiff Lyons' patrol Lieutenant.

59. Plaintiffs Lyons and Jones also voiced concern over the use of "580" as a punishment and the impact it was having on the mental health of their fellow officers.

60. Ever since those complaints of race discrimination, Defendant Gray, a close friend of Sergeant Howson, has sought to harm the career and impede the career advancement of Plaintiff Lyons.

61. The assignment of Plaintiff Jones and Plaintiff Lyons was motivated, in whole or in part, by an intent to retaliate against Plaintiffs Jones and Lyons for their First-Amendment protected speech.

62. The assignment of Plaintiffs to restricted duty is a punishment severe enough to chill a person of ordinary firmness from engaging in protected activity.

63. The defendants responsible for retaliating against Plaintiff Jones and therefore violating his First Amendment rights are: Defendants Jacobs, Kuebler, Knight (Jennifer), Meader, Springer, Garner, Spears, Babcock, Weaver, Brooks and Knight (Jeff). Each of these Defendants held a supervisory position above Plaintiff Jones and each was responsible for his assignment to 580 and the use of that assignment as a disciplinary punishment in response to protected First Amendment conduct.

64. The defendants responsible for retaliating against Plaintiff Lyons and therefore violating his First Amendment rights are: Defendants Jacobs, Gray, Lang, Cameron, Knight

(Jennifer) and Decker. Each of these Defendants held a supervisory position above Plaintiff Jones and each was responsible for his assignment to 580 and the use of that assignment as a disciplinary punishment in response to protected First Amendment conduct.

65. As a direct and proximate result of the conduct of Defendants, Plaintiffs have suffered and continue to suffer emotional pain, suffering, stress, inconvenience, embarrassment, humiliation, mental anguish, loss of enjoyment of life, other nonpecuniary losses, economic losses, and other injury, including lost wages.

**WHEREFORE**, Plaintiffs under all counts of the Complaint requests the Entry of Judgment for the following relief:

    A.    Grant injunctive and prospective relief ordering the City to require its officers to limit all assignments to restricted duty to the shortest reasonable time to permit necessary administrative investigations and enjoining the City from using such assignments as punishment;

    B.    Award Plaintiffs compensatory and punitive damages in an amount to be determined at trial;

    C.    Award Plaintiffs their attorneys fees and costs to prosecute this action; and

    D.    Award such other and further relief as may be just and proper.

Respectfully submitted,

/s/ John C. Camillus
John C. Camillus, Trial Attorney (0077435)
Law Offices of John C. Camillus, LLC
P.O. Box 141410
Columbus, Ohio 43214
(614) 992-1000
(614) 559-6731 (Facsimile)
jcamillus@camilluslaw.com

*Attorney for Plaintiffs*

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues triable under law.

/s/ John Camillus
John Camillus (0077435)

- 15 -