IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **RANDALL LYONS,** *et al.*, | : |
| | : Case No. 2:21-cv-0940 |
| **Plaintiffs,** | : |
| | : Chief Judge Algenon L. Marbley |
| v. | : |
| | : Magistrate Judge Chelsey M. Vascura |
| **KIMBERLEY JACOBS,** *et al.*, | : |
| | : |
| **Defendants.** | : |

**OPINION & ORDER**

This matter is before the Court on Defendants' Motion to Dismiss In Part (ECF No. 7) for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons detailed below, Defendants' Motion is **GRANTED IN PART** as to the Columbus Division of Police and is **DENIED** in all other respects.

**I. BACKGROUND**

The present suit is a refiling of Case No. 2:16-cv-0813 (hereinafter, the "2016 case"), originally filed before this Court in August 2016. The 2016 case survived a motion to dismiss, as reflected in this Court's Order of September 2017. (2016 case, ECF No. 16). Later, in March 2020, the Plaintiffs voluntarily dismissed their case without prejudice. (2016 case, ECF No. 34). The present Complaint is minimally changed from Plaintiffs' original 2016 filing. Similarly, Defendants' present Motion to Dismiss tracks some of the arguments they made in 2017.

The Plaintiffs in both cases are Randall Lyons, Anthony Johnson, and Douglas Jones, all currently employed as officers with the Columbus Division of Police ("CPD" or the "Division"). (ECF No. 1 ¶ 8). All three Plaintiffs have been subject to administrative investigations for alleged misconduct. (*Id.* ¶¶ 16–20). During those administrative investigations, Plaintiffs were placed on

restricted duty and assigned to "580" (the site at police headquarters where officers under internal investigation are stationed). (*Id.* ¶¶ 9, 21).

According to Plaintiffs, "[n]o reasonable officer would want to be assigned to 580." (*Id.* ¶ 13). Not only are officers assigned to "580" required to report "to a large room surrounded by glass walls and hallways subject to heavy foot traffic" so they will feel "humiliated by the experience," but officers on restricted duty are also "functionally demoted" in that they are "prevented from doing their normal jobs, deprived of their badges and guns, and denied significant opportunities for overtime and special duty pay." (*Id.* ¶¶ 12–13).

While Plaintiffs acknowledge there is nothing "unconstitutional in and of itself about temporarily assigning officers to restricted duty during the course of an internal investigation related to the officers" (*Id.* ¶ 10), they allege the Division has adopted an "unconstitutional policy" of punishing officers through the use of assignment to "580." (*Id.* ¶ 9). Rather than using assignment to "580" as a "reasonable, short-term assignment while the Division undertakes an internal investigation," the Division allegedly uses assignment to "580" as a punishment, subjecting officers to restricted duty "for needless and unjustifiable durations" while denying those officers any "due process prior to imposing such punishment." (*Id.* ¶¶ 11, 14). Specifically, Plaintiffs and other Columbus police officers purportedly are not "given sufficient explanation of the charges against them, the evidence in support, or an opportunity to be heard prior to assignment to 580." (*Id.* ¶ 15). Essentially, Plaintiffs argue that the Division and the City are using assignment to "580" as an end-run around due process, because the City knows that, "before inflicting any punishment beyond the de minimis on its officers, it must provide them with due process." (*Id.* ¶ 14).

With regard to Plaintiffs: (1) in total, the administrative investigation of Lyons lasted for over two years; (2) the administrative investigation of Johnson lasted for two and a half years; and (3) the investigation of Jones lasted nearly two years. (*Id.* ¶ 24). Ultimately, each Plaintiff received a less than 250-hour suspension. (*Id.*). During these lengthy administrative investigations, Plaintiffs were placed on restricted duty and assigned to "580," but claim they did not know or have reason to know it was designed to be punishment, or that it would last for such a long period of time. (*Id.* ¶¶ 25–26). While on restricted duty, Plaintiffs were not permitted to perform their standard job duties; instead, they worked desk jobs but had very little meaningful work to do. (*Id.* ¶¶ 27–28). Additionally, Plaintiffs were ineligible for overtime and prevented from working special duty, which significantly impacted their financial well-being—as a "substantial" portion of Plaintiffs' annual income came from overtime and special duty pay. (*Id.* ¶¶ 29–34).[1]

Plaintiffs are members of the union that has entered into a collective bargaining agreement ("CBA") with the City. (*Id.* ¶ 37). Under the CBA, "good cause" is required to punish a union employee. (*Id.*). Plaintiffs claim, however, that assignment to "580" is "not considered punishment under the agreement," and thus "cannot be grieved through the [CBA] grievance process." (*Id.*). According to Plaintiffs, as members of the union that has entered into the CBA with the City, which requires good cause prior to punishment, they have a "constitutionally protected property interest in their continued employment, compensation, and job benefits." (*Id.*).

---

[1] It is the "custom and practice" of the Division to allow officers to "work significant overtime hours and special duty hours." (ECF No. 1 ¶ 35). Overtime duty involves officers "performing their normal job duties as police officers for anything over forty hours per week." (*Id.* ¶ 32). Special duty assignments are those "outside the work normally performed by police officers, and are assigned when a particular need in the community arises." (*Id.* ¶ 33). The only circumstances under which officers are denied overtime or special duty work are when they are formally punished or placed on restricted duty during an internal administrative investigation. (*Id.* ¶ 36).

Plaintiffs refiled the present suit against the City, the Division, and various individual supervising officers (the "Individual Defendants")[2] in March 2011, again bringing procedural due process and First Amendment retaliation claims under 42 U.S.C. § 1983. Defendants move to dismiss the claims, in part, on grounds that Plaintiffs fail to meet pleading standards with respect to the Individual Defendants and that Plaintiffs' First Amendment claims are time-barred. (ECF No. 7 at 1). Defendants also seek to dismiss CPD from the suit, as it is not a separate entity able to be sued. (*Id.* at 1 n.1). Following response and reply briefs (ECF Nos. 15 & 18), Defendants' Motion is now ripe for adjudication.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows for a case to be dismissed for "failure to state a claim upon which relief can be granted." Such a motion "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005). Thus, the Court must construe the Complaint in the light most favorable to the non-moving party. *Total Ben. Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

Although liberal, Rule 12(b)(6) requires more than bare assertions of legal conclusions. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted). Generally, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to

---

[2] The Individual Defendants named in the Complaint are: Chief Kimberley Jacobs, Deputy Chief Ron Gray, Deputy Chief Ken Kuebler, Deputy Chief Michael Woods, Commander Mark Lang, Commander Gary Cameron, Commander Jennifer Knight, Commander Robert Meader, Commander Michael Springer, Commander Mark Gardner, Lieutenant Wade Spears, Lieutenant Joseph Echenrode, Sergeant Eric Babcock, Sergeant Dan Weaver, Sergeant Richard Brooks, Sergeant Jeff Knight, Sergeant Ken Decker, and Officers John and Jane Doe. The pseudonymous John and Jane Doe Officers have been terminated from the case, without prejudice, for failure to effect timely service. (*See* ECF No. 11).

relief." Fed. R. Civ. P. 8(a)(2). But, the complaint must "give the defendant fair notice of what the claim is, and the grounds upon which it rests." *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (internal quotation marks and citation omitted). In short, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

### III. LAW AND ANALYSIS

Defendants argue Plaintiffs' claims should be dismissed because: (1) the Division is not a separate entity that may be sued; (2) Plaintiffs fail to meet pleading standards with respect to the Individual Defendants; and (3) Plaintiffs' First Amendment claims are time-barred. The Court will address each argument in turn.

#### A. The Columbus Division of Police is Not a Legally Separate Entity.

Defendants contend that the Division is not a separate entity from the City of Columbus and thus should be dismissed from this action. (ECF No. 7 at 1 n.1). Plaintiffs failed to respond on this point. Under "well-established" law, "a police department is simply a division of the city government with no capacity to sue or be sued." *Jones v. City of Middletown*, 2006 WL 8442231, at *2 (S.D. Ohio May 31, 2006). Accordingly, as to the Columbus Division of Police, the Complaint is **DISMISSED**.

#### B. Plaintiffs Meet Basic Pleading Standards for the Individual Defendants.

Defendants urge dismissal of the Individual Defendants because the allegations against them "are general and sparse," lacking detail on "what action each of the Individual Defendants took that allegedly violated the Plaintiffs' constitutional rights." (ECF No. 7 at 4). The allegations, in the Defendants' view, are "broad" and "generalized." (*Id.* at 5). In support, Defendants cite cases

5

noting the importance of individual defendants' actions and the requirement of something more than "a supervisory relationship alone." (*Id.* at 4–5, discussing *McKinney v. Kasich*, 2016 WL 1165356 (S.D. Ohio Mar. 25, 2016), and cases cited therein). Plaintiffs respond that the allegations against the Individual Defendants are not based solely on the existence of a supervisory relationship, but also on specific actions taken by the Individual Defendants in assigning Plaintiffs to "580" and using that assignment "as a disciplinary punishment." (ECF No. 15 at 3–4, citing ECF No. 1 ¶¶ 43–45 & 63–64). Plaintiffs also note this Court rejected a similar argument in Defendants' prior motion to dismiss, where they had contended that the sparse factual allegations were insufficient to overcome the Individual Defendants' qualified immunity. (*Id.* at 3).

This Court indeed has spoken before to the sufficiency of Plaintiffs' 2016 pleadings. Because Plaintiffs "need not make detailed factual allegations" at the pleadings stage "about which officer committed which act," the Court did not dismiss their 2016 case. (2016 case, ECF No. 16 at 12–13, quoting *Horn v. City of Covington*, 2015 WL 4042154, at *6 (E.D. Ky. July 1, 2015)). The refiled Complaint again has named the individuals alleged to have violated Plaintiffs' constitutional rights and has described the allegedly violative acts: assignment and use of "580" as a disciplinary (and in some instances, retaliatory) punishment without providing pre-deprivation due process. (ECF No. 1 ¶¶ 43–46 & 63–64). Defendants protest that "Plaintiffs do not provide any information about how the Individual Defendants were involved in the process of assigning them to 580 (if they were involved at all), how Plaintiffs experienced this process, or how these Individual Defendants contributed to any allegedly unconstitutional delay" (ECF No. 18 at 3); but such details are not required to state a plausible claim, as noted before. Moreover, viewing the Complaint in the light most favorable to Plaintiffs, the allegations exceed a bare reliance on "[t]he existence of a supervisory relationship alone," as Defendants put it. (ECF No. 7 at 5). The

6

Complaint alleges that Defendants, *because of* their supervisory roles, were directly involved in and responsible for Plaintiffs' punishment in "580." (ECF No. 1 ¶¶ 43–46 & 63–64).

Plaintiffs' refiled claims against the Individual Defendants are sufficiently repleaded. As such, the case may proceed against them.

### C. Plaintiffs' First Amendment Claims Are Not Time Barred.

Next, Defendants argue that Plaintiffs' First Amendment retaliation claims should be dismissed as time barred. (ECF No. 7 at 5). The parties agree the applicable statute of limitations for a Section 1983 claim in Ohio is two years, which begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Del Rosario v. Tabor*, 2010 WL 1416721, at *2 (S.D. Ohio Apr. 8, 2010) (quoting *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007)). The two Plaintiffs who advance retaliation claims, Jones and Lyons, first were placed on restricted duty and assigned to "580" in 2013 (ECF No. 1 ¶¶ 24–25), more than two years before the 2016 case was filed.[3] Plaintiffs respond that: (1) their claims did not necessarily ripen at the moment they were assigned to restricted duty; and (2) their claims are saved by the continuing violation doctrine. (ECF No. 15 at 5, 8).

The Court squarely addressed these issues in the 2016 case, where it found the continuing violation doctrine inapplicable—but then held that "at a minimum, the allegations of the [2016] Amended Complaint make clear the possibility that Plaintiffs neither knew nor had reason to know that their rights had been violated at the time that they were placed on restricted duty, and that

---

[3] One difference from the 2016 case is the passage of time for Plaintiffs to refile, which has removed this case a year further from the alleged retaliation. However, Defendants do not raise this issue—likely recognizing that Ohio's Savings Statute allows Plaintiffs to refile an action within one year of voluntary dismissal. *See* O.R.C. § 2305.19. Plaintiffs' 2016 suit was dismissed voluntarily, without prejudice, on March 6, 2020. (2016 case, ECF No. 34). The present Complaint was filed on March 5, 2021, within the one-year deadline. (ECF No. 1). Since the appropriate statute of limitations for a Section 1983 claim is derived from the law of the state in which claim arose, *see Wallace v. Kato*, 549 U.S. 384, 387 (2007), Ohio's Savings Statute applies here, and the refiling has no legal effect on the timeliness analysis.

7

discovery is necessary to determine when Plaintiffs' cause of action accrued." (2016 case, ECF No. 16 at 7, 9).

Defendants attempt to cabin the Court's prior discussion to the procedural due process claims only, excluding the First Amendment claims implicated in the present Motion. The record says otherwise. *Compare* ECF No. 18 (Defendants' reply brief) at 2 ("Defendants submit that Plaintiffs' First Amendment retaliation claims are time-barred, a position *not argued or decided* in the 2016 litigation." (emphasis added)); *with* 2016 case, ECF No. 10 (Defendant's motion to dismiss) at 6 ("The statute of limitations for bringing their §1983 claims for denial of pre-deprivation due process *and First Amendment retaliation* expired before Plaintiffs' [*sic.*] filed their original complaint and their claims are time-barred." (emphasis added)). The Court's prior timeliness discussion, as summarized above, extended with equal force to the First Amendment claims.

Even if the Court were to revisit its analysis, Defendants' argument rests on an overly constrained view of the Complaint. Defendants contend that Plaintiffs "explicitly plead" their *assignment* to "580" as the retaliatory act, meaning their First Amendment claims accrued immediately in 2013. (ECF No. 18 at 4–5). While Plaintiffs do allege their "assignment . . . to restricted duty is a punishment severe enough" to chill protected speech (ECF No. 1 ¶ 62), they also plead that their investigations (and thus, their "580" assignments) were "initiated *and/or prolonged* for unlawful purposes," becoming "shockingly and inexplicably lengthy." (*Id.* ¶¶ 22, 24 (emphasis added)). Reading the Complaint in its entirety, and in a light most favorable to Plaintiffs, the length of the "580" assignment could have transformed it from a legitimate temporary assignment into one constituting retaliation. As the Court stated before, the years-long

investigations "seem[] . . . to be disproportionate" to Plaintiffs' eventual weeks-long suspensions. (2016 case, ECF No. 16 at 8).

These allegations, again, "make clear the possibility that Plaintiffs neither knew nor had reason to know that their rights had been violated at the time that they were placed on restricted duty." (*Id.* at 9; *see also* ECF No. 1 ¶ 26). Since the First Amendment analysis is "flexible enough to take into account the various contexts in which retaliation claims might be made," *Thaddeus-X v. Blatter*, 175 F.3d 378, 395 (6th Cir. 1999), it would be improvident to foreclose a plausible theory of retaliatory delay at this early stage. "[D]iscovery is necessary to determine when Plaintiffs' cause of action accrued." (2016 case, ECF No. 16 at 9).

Thus, the Court rejects Defendants' argument that the First Amendment claims are barred by the statute of limitations.[4] Those claims may proceed against all remaining Defendants.

## IV. CONCLUSION

For these reasons, Defendants' Motion is **GRANTED IN PART** and **DENIED IN PART**. The Columbus Division of Police is **DISMISSED** from this action. Plaintiffs' case may proceed against all other Defendants, on both counts in the Complaint.

**IT IS SO ORDERED.**

                                                     ALGENON L. MARBLEY
                                                     CHIEF UNITED STATES DISTRICT JUDGE

**DATED: June 14, 2022**

---

[4] The Court again declines to rely on the continuing violation doctrine, for the reasons set forth in its prior decision. (*See id.* at 6–7).

9