UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RANDALL LYONS,** *et al.*,

      **Plaintiffs,**

v.

**KIMBERLEY JACOBS,** *et al.*,

      **Defendants.**

      **Civil Action 2:21-cv-940**
      **Chief Judge Algenon L. Marbley**
      **Magistrate Judge Chelsey M. Vascura**

**OPINION AND ORDER**

Plaintiffs bring this action under 42 U.S.C. § 1983 for violations of their procedural due process rights and for First Amendment retaliation. This matter is before the Court on Defendants' Motion for Leave to File Amended Answer (ECF No. 36). For the following reasons, Defendants' Motion (ECF No. 36) is **GRANTED**.

Plaintiffs commenced this action on March 5, 2021. (ECF No. 1.) Defendants filed a partial Answer and a Motion to Dismiss in Part on July 7, 2021 (ECF Nos. 6–7.) Defendants' Motion to Dismiss was directed to Plaintiffs' First Amendment retaliation claim, and therefore Defendants' partial Answer did not respond substantively to the paragraphs of Plaintiffs' Complaint relating to their retaliation allegations. (*See* Ans. ¶¶ 55–65, ECF No. 6.) Defendants' Answer did state, however, that "[a]ny factual allegation not explicitly admitted is denied." (*Id.*, Additional Defenses, ¶ 1.) On June 14, 2022, this Court granted in part and denied in part Defendants' Motion to Dismiss. (ECF No. 25.) Namely, the Columbus Division of Police was dismissed from the action because it is not a separate entity capable of being sued, but the Court

otherwise denied Defendants' request to dismiss Plaintiffs' First Amendment retaliation claim. (*Id.*) As a result, Defendants' answer to the First Amendment retaliation allegations was due fourteen days after notice of the Court's ruling on Defendants' Motion to Dismiss, *i.e.*, June 28, 2022. *See* Fed. R. Civ. P. 12(a)(4).

Defendants, however, neglected to file an answer to Plaintiffs' First Amendment retaliation allegations. Nor did Plaintiffs seek an entry of default against Defendants on their First Amendment retaliation claims. Instead, Plaintiffs waited until November 28, 2022—five months after Defendants' answer was due—and filed a partial motion for summary judgment on their First Amendment Retaliation claims on grounds that Defendants had admitted those allegations by failing to timely file an answer denying them. (ECF No. 35.)

The following day, November 29, 2022, Defendants filed the subject Motion for Leave to File Amended Answer. (ECF No. 36.) Therein, Defendants assert that no answer was required following the Court's denial of Defendants' Motion to Dismiss owing to Defendants' general denial in its partial Answer of any allegations not explicitly admitted, but they nevertheless seek to file an Amended Answer "to ensure a clear record before this Court." (*Id.* at 1.) Defendants argue they should be permitted to file an Amended Answer due to their excusable neglect under Federal Rule of Civil Procedure 6(b). (*Id.* at 3–4.) Plaintiffs oppose Defendants' Motion, contending that Defendants' decision to not file an answer was not due to neglect, excusable or otherwise, and that Defendants have also failed to satisfy the good cause standard of Rule 16(b) to extend the October 8, 2021 deadline for motions to amend the pleadings. (Mem. in Opp'n 1–2, ECF No. 37.) On reply, Defendants argue that amendment should be permitted because their proposed Amended Answer does not add any new claims or defenses and Defendants indicated clearly with their deposition questioning of Plaintiffs in August 2022 that Defendants have not

2

conceded Plaintiffs' First Amendment retaliation claims. Therefore, Plaintiffs will not be prejudiced by Defendants' amendment of their Answer. (Reply, ECF No. 38.)

The Court agrees with Defendants. The Court has discretion to permit pleading amendments under Rules 6, 15, and 16. *See*, *e.g.*, *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 524 (6th Cir. 2006) (reviewing a district court's denial of pleading amendment under Rule 6(b) for abuse of discretion); *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001) (reviewing district court's ruling under Rule 15(a) for abuse of discretion); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (reviewing a district court's ruling under Rule 16(b) for abuse of discretion). Under the excusable neglect standard of Rule 6(b), the Court must consider "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger*, 467 F.3d at 522. Similarly, Rule 15(a) directs the court to "freely give leave [to amend the pleadings] when justice so requires," but amendment "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). Finally, under Rule 16(b)(4), when a party misses a scheduling order's deadlines and seeks a modification of those deadlines, the party must first demonstrate good cause, the primary measure of which is "the moving party's diligence in attempting to meet the case management order's deadline." *Inge*, 281 F.3d at 625. Another "important consideration" under Rule 16(b)(4) is "whether the opposing party will suffer prejudice by virtue of the amendment." *Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003).

3

All three of these rules require the Court to consider prejudice to the non-moving party. The Court can discern little, if any, prejudice that would befall Plaintiffs if Defendants are permitted to amend their Answer. Plaintiffs assert only that they would have deposed one additional witness (Sergeant Howson) and asked additional questions of one witness they did depose (Defendant Gray) had Defendants not admitted Plaintiffs' First Amendment retaliation allegations. But as Defendants point out, they questioned Plaintiffs extensively about the basis for their First Amendment retaliation claims at Plaintiffs' depositions in August 2022. Plaintiffs were therefore on notice that Defendants had not conceded Plaintiffs' retaliation claims well before Plaintiffs deposed Defendant Gray on October 6, 2022, and well before the discovery deadline of October 28, 2022. Plaintiffs should have structured their deposition questioning accordingly.

Moreover, the case law on which Plaintiffs rely for a presumption of prejudice that attends pleading amendments after the close of discovery is inapposite because those cases deal with parties' attempts to add new legal theories or to require re-briefing of summary judgment motions. Here, Defendants make no attempt to add new legal theories. Further, Plaintiffs themselves could have prevented the necessity of re-briefing their motion for summary judgment if they had promptly moved for an entry of default against Defendants, rather than lying in wait for five months after the answer was due and then filing a motion for summary judgment. Thus, any prejudice as a result of permitting Defendants to amend their Answer at this stage is attributable to Plaintiffs' gamesmanship in failing to timely raise Defendants' procedural error.

The remaining factors to consider under the Rules weigh in favor of permitting amendment. There is no indication that Defendants acted in bad faith or with dilatory purpose. And although Defendants' proffered reason for the delay—simple inadvertence—was within

Defendants' control, Defendants' failure to timely file their Amended Answer is an isolated incident, not part of pattern of delay throughout the litigation. And Defendants diligently responded, within one day, to Plaintiffs' suggestion that summary judgment was appropriate due to Defendants' failure to timely file an amended answer.

In sum, the Court finds that permitting Defendants to file their Amended Answer at this stage is appropriate under Rules 6, 15, and 16. Defendants' Motion for Leave to File Amended Answer (ECF No. 36) is therefore **GRANTED**. The Clerk is **DIRECTED** to file on the docket Defendants' Amended Answer, attached to Defendants' Motion as Exhibit A (ECF No. 36-1). Further, Plaintiffs' Motion for Summary Judgment on their claims for First Amendment Retaliation (ECF No. 35), which is premised on Defendants' failure to deny Plaintiffs' First Amendment retaliation allegations, is **DENIED WITHOUT PREJUDICE**. Plaintiffs may file a properly-supported motion for summary judgment on their First Amendment retaliation claims **WITHIN FOURTEEN DAYS** of the date of this Order.

IT IS SO ORDERED.

/s/ *Algenon L. Marbley*
ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE